## Alexandria

## DAVID PRATT HEAD

v.

## COMMONWEALTH OF VIRGINIA

No. 0174-85

Decided September 16, 1986

164

COUNSEL

Deborah Brumback, for appellant.

Lucy H. Allen, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.** — On November 13, 1984, a jury convicted David Pratt Head, in his absence, of robbery and recommended a sentence of five years in the penitentiary. The court imposed the sentence, in his absence, on January 15, 1985. Head's absence gives rise to the issues involved in this appeal.

The issues presented are: (1) whether Head voluntarily waived his sixth amendment right to confront the witnesses against him; (2) whether Head waived his statutory right to be present during his trial, pursuant to Code § 19.2-259; and (3) whether Head waived his right to be present at his sentencing.

A careful review of the record and the cited authorities convinces us that Head voluntarily waived his rights of confrontation and presence at trial. However, we hold that sentence should not have been imposed in his absence and remand for resentencing.

## I. *Factual Background*

On September 4, 1984, David Pratt Head was indicted for robbery by the Grand Jury for the City of Winchester, appeared in court with his attorney, and was arraigned. In open court, with Head present, the judge announced that the case was set for trial on November 13, 1984. Nothing in the record indicates that Head had impaired hearing or failed to hear when the trial date was announced. Head was released on bond the same day as his arraignment. The "Conditions of Release and Recognizance," which he signed, contained the following language:

> The Accused further promises to appear to answer for the offenses for which he may be charged at all times and places and before any court or judge to which this case may be rescheduled, continued, transferred, certified or appealed. The Accused promises not to depart the Commonwealth of Virginia without leave of such court or judge, to keep the peace and be of good behavior until final disposition of this case.

The bond agreement also warned: "Failure to appear may result in your being tried and convicted in your absence."

On November 13, 1984, the court convened, but Head was absent. The court then conducted a hearing to determine if Head had been notified of the trial date, if he was absent by his choice, and if his absence was justified. Defense counsel candidly stated that she had not been in touch with her client since the date of his arraignment; that he had not responded to several letters she had written to him; and that she had no knowledge that his absence was due to accident, illness, or any other reason beyond his control. She further informed the court that, at arraignment, Head gave her what he represented was his current address. In response to the court's questioning, she also stated that her client appeared to be mentally competent when she last saw him at arraignment.

The court made a specific finding of fact, based on this information, that Head had absented himself from the trial without just cause or reason, and the court proceeded with the jury trial of Head, *in absentia*. Prior to opening statements, the jurors were cautioned that the accused's absence had no bearing on his guilt or innocence.

After hearing the evidence and instructions of the court, the jury returned a verdict of guilty and fixed Head's sentence at five years in the penitentiary. Judgment was entered on the verdict, but the court gave defense counsel twenty-one days to demonstrate that error had been committed in trying and sentencing Head in his absence. The court, however, did not enter an order on the judgment and reconvened on December 3, 1984, to state for the record its decision to vacate the judgment on the verdict. Inquiry of defense counsel revealed that her continued efforts to locate Head had been fruitless. The trial court decided that defense counsel should be given additional time to locate him or produce an explanation for his absence from the trial.

On December 17, 1984, another hearing was held to determine if Head had been notified of the trial date. Defense counsel again stated that from arraignment to trial, she had written the defendant six or seven letters and mailed them to him at the address he had given her. In four of those letters, she had reminded him of the trial date. At the time of the December 17 hearing, five of these letters had been returned. She further told the court that at arraignment, Head had given her the names of several witnesses and was to furnish her with their addresses, but never did so. At this hearing, evidence was also taken from the bondsman, who de-

tailed the efforts made to locate Head. Head's probation officer from prior convictions also testified to his criminal record and his exposure to the criminal justice system. The court then continued the case until January 15, 1985, to give the Commonwealth and defense counsel additional time to locate Head.

When court reconvened on January 15, 1985, Head's whereabouts were still unknown. Other than the asserted claim of sixth amendment and statutory rights violation, defense counsel advanced no reason why the court should not proceed with sentencing. The court found that Head's absence was unjustified and was knowing and voluntary. Finding that he had waived his right to be present, the court pronounced judgment against Head and sentenced him to serve five years in the penitentiary, as recommended by the jury.[1] This appeal followed.

## II. *Trial*

At the threshold of this issue, the Commonwealth contends that Head did not timely object to being tried in his absence and, therefore, we should not consider the point on appeal. The primary purpose of the contemporaneous objection rule is to advise the trial judge of the action complained of so that the court can consider the issue intelligently and, if necessary, take corrective action to avoid unnecessary appeals, reversals, and mistrials. *Woodson v. Commonwealth*, 211 Va. 285, 288, 176 S.E.2d 818, 820 (1970), *cert. denied*, 401 U.S. 959 (1971). In the present case, the court and counsel were well aware of the unique situation presented and of the issues raised by Head's absence. At the close of all the evidence, a formal objection was made by defense counsel. While it would have been preferable if counsel had placed a formal objection in the record at the beginning of the trial, the factual situation is not comparable to that presented by evidentiary objections or improper argument made by counsel. In those instances, a prompt objection would alert a judge, and any error could be immediately corrected. Here, the court and counsel knew that Head was not present. Although no immediate formal objection was made to proceeding without him, the trial went forward only after much discussion about trying him in his absence. The

---

[1] Some time after the imposition of sentence, Head was apprehended and is presently incarcerated.

trial court could have done nothing to produce him for trial at that time. These factors considered, we believe that the importance of the questions presented and the ends of justice require us to address the issues on their merits. Rule 5A:18.

A defendant's right to be present at trial arises from two sources, the sixth amendment and Code § 19.2-259. The sixth amendment right of confrontation is "a fundamental right." *Pointer v. Texas*, 380 U.S. 400, 403 (1965). While there is a presumption against the waiver of a fundamental right, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938), under certain circumstances, an accused may forfeit his constitutional right to be present at his trial. *Taylor v. United States*, 414 U.S. 17, 18 (1973); *Illinois v. Allen*, 397 U.S. 337, 344 (1970); *Boykin v. Alabama*, 395 U.S. 238, 246-47 (1969). A defendant's voluntary absence from trial may be properly construed under the sixth amendment as a waiver of his right of confrontation. *Taylor v. United States*, 414 U.S. at 17; *United States v. Powell*, 611 F.2d 41, 42 (4th Cir. 1979); *United States v. Peterson*, 524 F.2d 167, 184 (4th Cir. 1975). In *Quintana v. Commonwealth*, 224 Va. 127, 295 S.E.2d 643 (1982), *cert. denied*, 460 U.S. 1029 (1983), the Virginia Supreme Court held that under Code § 19.2-259, an accused may by his conduct forfeit his constitutional right of confrontation and his statutory right to be present during the trial. *Id.* at 145, 295 S.E.2d at 651.

In *Noell v. Commonwealth*, 135 Va. 600, 115 S.E. 679 (1923), the court held that the defendant's continuous presence from arraignment to sentence was an essential part of the process of law provided for his trial. Without the defendant's presence, which he could not waive, the courts were held to have no jurisdiction to pronounce judgment on him. *Id.* at 608, 115 S.E. at 681. In *Jones v. Commonwealth*, 227 Va. 425, 317 S.E.2d 482 (1984), the Virginia Supreme Court had occasion to reconsider this issue. There, although offered the opportunity to be present, the defendant waived his right to view the crime scene with the court and counsel. In finding that the defendant could effectively waive his right to be present at the scene, the Court overruled *Noell* to the extent that it had held that the defendant's presence at the view was jurisdictional. The court in *Jones* noted:

And in *Quintana v. Commonwealth*, 224 Va. 127, 295 S.E.2d 643 (1982), *cert. denied*, 460 U.S. 1029 (1983), we

held that an accused may by his conduct forfeit his constitutional rights of confrontation and due process and his statutory right conferred by Code § 19.2-259 to be present during the trial. 224 Va. at 144-45, 295 S.E.2d at 651-52.

*Id.* at 430, 317 S.E.2d at 485.

Like many of the cases cited by both sides, *Jones* involved a defendant who was present at the beginning of the trial, but absent during a later stage of the proceedings. No Virginia decision since *Jones* has had occasion to consider whether a defendant who has voluntarily absented himself from the entire trial, after presence at arraignment, has effectively waived his right to be present at trial. A number of other courts, however, have ruled that when a defendant is aware of his trial date, he waives his right to be present at trial by his voluntary absence. *See United States v. Muzevsky*, 760 F.2d 83 (4th Cir. 1985); *United States v. Schocket*, 753 F.2d 336 (4th Cir. 1985); *Brewer v. Raines*, 670 F.2d 117 (9th Cir. 1982); *Washington v. LaBelle*, 568 P.2d 808 (Wash. App. 1977); *State v. Kelly*, 213 Kan. 237, 515 P.2d 1030 (1973).

When we compare Code § 19.2-259 ("A person tried for a felony shall be personally present during the trial") with Code § 19.2-258 ("When a person charged with a misdemeanor . . . fails to appear . . . the case may be heard in his absence as upon a plea of not guilty"), we discern a legislative expression that felony trials shall not take place in the absence of the accused. Notwithstanding this expression, in deciding this case, we are constrained by the holding in *Jones* because there is no difference in principle between a defendant's voluntary waiver of his right to be present at a part of his trial and his voluntary absence during the entire trial after presence at arraignment. A defendant may waive his right to be present at the beginning of his trial after presence at arraignment just as he may waive his right to be present at any later stage.

However, as was pointed out in *United States v. Peterson*, it is not appropriate for every case to proceed to trial in the defendant's absence. 524 F.2d at 185. In each instance, the decision must rest in the sound discretion of the trial judge who should consider, *inter alia*, the likelihood that the trial could soon take place with the defendant present, the difficulty of rescheduling,

the burden on the Commonwealth in securing the attendance of witnesses on another date, and any other factors given to explain the defendant's absence. If the defendant is found to have voluntarily waived his right to be present, and it is further found that the burden of a continuance would be prejudicial to the Commonwealth's case, then the trial may, in the sound discretion of the court, properly proceed in the defendant's absence. To hold otherwise would permit a defendant free on bond and having notice of the trial date to obstruct the course of justice without a compelling reason. This we refuse to do.

Applying these principles to the present case, the record shows that Head was present in court with his attorney on September 4, 1984. At that time, he was arraigned, and the trial judge announced in open court that the case would be tried on November 13, 1984. Since there is nothing to suggest that Head failed to hear or understand the proceedings, we hold that he had personal knowledge of the trial date. He conferred with counsel and gave her his address and the names of several possible witnesses whose addresses he was to provide, but never did. Not once after September 4 did he contact counsel or exhibit any interest in cooperating with her to prepare his defense. He executed a bond advising him that his failure to appear at trial could result in his being tried in his absence. On the day of the trial, Head's attorney could give no explanation for his absence. The court carefully conducted a hearing, seeking to determine the reasons for his absence.

In deciding to proceed with the trial in Head's absence, the judge considered, among other factors, that the Commonwealth's principal witness, Jimmy Judge, had recently taken a job in another state, which required him to travel. The Commonwealth had difficulty securing his presence on November 13, and no assurances were offered that he would be able or willing to rearrange his schedule and return to Virginia a second time at some undetermined future date. The court's investigation failed to predict when, if ever, Head would be located or when the trial could be rescheduled.

These circumstances, together with the inherent difficulty of rescheduling a trial into an already congested docket, confirmed the trial judge's exercise of sound discretion in proceeding with the trial in the defendant's absence. Head was represented by counsel throughout the entire proceedings, and the jury was in-

structed that the defendant's absence should not be held against him. Under these facts, we find no error in the court's decision to proceed.

## III. *Sentencing*

Head argues that it was error for the court to sentence him in his absence where it had no explanation for his absence at trial. He contends that a delay in sentencing would not have imposed a burden on the Commonwealth.

█ The Commonwealth agrees that the right to be present under Code § 19.2-259 "during the trial" refers to every stage of the trial, from arraignment to sentencing. *Jones v. Commonwealth*, 227 Va. at 428, 317 S.E.2d at 483. The Commonwealth argues, however, that when a defendant has voluntarily waived his right to be present at the beginning of his trial, the waiver should extend to the entire trial, including sentencing. The fact that the defendant, due to his absence at trial, did not have notice of the sentencing date should be of no consequence.

Although no Virginia case is directly on point, a number of our sister jurisdictions have held that a defendant can waive his right to be present at sentencing by his voluntary absence from the proceeding. *State v. Ellerson*, 609 P.2d 64, 68 (Ariz. 1980); *People v. McInnis*, 85 Ill. App. 3d 109, 114, 406 N.E.2d 199, 202 (1980); *Byrd v. Ricketts*, 233 Ga. 779, 780, 213 S.E.2d 610, 611 (1975); *People v. Rife*, 18 Ill. App. 3d 602, 608-09, 310 N.E.2d 179, 184 (1974); *State v. Kelly*, 213 Kan. 237, 515 P.2d 1030 (1973); *People v. White*, 18 Cal. App. 3d 44, 48, 95 Cal. Rptr. 576, 578 (1971); *People v. Colon*, 66 Misc. 2d 956, 960, 322 N.Y.S.2d 907, 911 (1971).

Many of the federal cases support the opposite view in holding that a defendant's presence at sentencing is required except in "the most extraordinary circumstances." *United States v. Curtis*, 523 F.2d 1134, 1135 (D.C. Cir. 1975); *United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir. 1972). This is due primarily to the impact of Rule 43 of the Federal Rules of Criminal Procedure, which distinguishes between the waiver of the right to be present

at trial and waiver of the right to be present at sentencing. With regard to the right to be present at trial, the Rule provides the same degree of protection as does the Constitution. However, with regard to the defendant's right to be present at sentencing, the Rule affords a defendant a greater degree of protection than the Constitution provides. *United States v. Brown*, 571 F.2d 980, 986 (6th Cir. 1978); *United States v. Turner*, 532 F. Supp. 913, 915 (N.D. Cal. 1982). We recognize that the issue whether a defendant should be sentenced *in absentia* is a question of state law. *See Byrd v. Hopper*, 537 F.2d 1303, 1304-05 (5th Cir. 1976), *cert. denied*, 429 U.S. 1048 (1977). However, the General Assembly's enactment of Code § 19.2-237,[2] prohibiting the enforcement of any misdemeanor jail sentence on a defendant tried *in absentia*, has statutorily recognized that there are important policy considerations which suggest that the system of justice would be better served by delaying the imposition of sentence.

These policy considerations have been cogently set forth as follows:

> Presence is of instrumental value to the defendant for the exercise of other rights, such as to present mitigating evidence and challenge aggravating evidence, and it may also be advantageous to him that the decision maker be required to face him. The state may have an interest in the presence of the defendant in order that the example of personal admonition might deter others from similar crimes. Moreover, it may sometimes be important that the convicted man be called to account publicly for what he has done, not to be made an instrument of the general deterrent, but to acknowledge symbolically his personal responsibility for his acts and to receive personally the official expression of society's condemnation of his conduct. The ceremonial rendering of judg-

---

[2] Process on indictment or presentment for misdemeanor.—On any indictment or presentment for a misdemeanor process shall be issued immediately. If the accused appear and plead to the charge, the trial shall proceed without delay, unless good cause for continuance be shown. If, in any misdemeanor case the accused fails to appear and plead, when required the court may either award a capias or proceed to trial in the same manner as if the accused had appeared, plead not guilty and waived trial by jury, *provided, that the court shall not in any such case enforce a jail sentence.* (emphasis added).

ment may also contribute to the individual deterrent force of the sentence if the latter is accompanied by appropriate judicial comment on the defendant's crime. However, there is an additional and perhaps more fundamental justification for the right to be personally present. Respect for the dignity of the individual is at the base of the right of a man to be present when society authoritatively proceeds to decide and announce whether it will deprive him of life or how and to what extent it will deprive him of liberty. It shows a lack of fundamental respect for the dignity of a man to sentence him *in absentia*. The presence of the defendant indicates that society has sufficient confidence in the justness of its judgment to announce it in public to the convicted man himself. Presence thus enhances the legitimacy and acceptability of both sentence and conviction.

Note, *Procedural Due Process at Judicial Sentencing for Felony*, 81 Harv. L. Rev. 821, 831 (1968).

Although Code § 19.2-237 relates only to *in absentia* sentencing in misdemeanor cases, we perceive no valid reasons why the policy considerations would not apply equally to felony cases.

■ None of the factors that underlie the decision to proceed with the trial of a defendant *in absentia* is present after the fact finder has determined guilt. Factors such as the loss or disappearance of witnesses, the difficulty of rescheduling the case, the burden of multiple trials where there are multiple defendants, denying an absent defendant the opportunity to obstruct the course of justice, and other prejudices to the Commonwealth cease to be compelling reasons for proceeding with the imposition of sentence.

For these reasons, we hold that the trial court erred in imposing sentence on the defendant *in absentia*. That part of the final judgment is set aside, and the case is remanded for resentencing now

that Head has been apprehended and is capable of being brought before the court.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Benton, J., concurred.