COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Bray and Senior Judge Duff
Argued at Alexandria, Virginia


THOMAS FRANKLIN HOHMAN
                                        MEMORANDUM OPINION[*] BY
v.      Record No. 0815-95-4            JUDGE CHARLES H. DUFF
                                           DECEMBER 31, 1996
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF STAFFORD COUNTY
                  James W. Haley, Jr., Judge

          Richard A. DeLoria for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Thomas Franklin Hohman (appellant) appealed five misdemeanor

convictions from general district court to circuit court.  He

failed to appear for the trial in circuit court.  He was

convicted in his absence and after being apprehended and brought

before the court, was later sentenced to serve time in jail.  On

appeal, appellant contends that the trial judge violated Code

§ 19.2-237 by trying him in his absence, convicting him, and

enforcing jail sentences.  Because we find that appellant

knowingly and voluntarily waived his right to be present at the

trial, we hold that the trial judge did not err in proceeding in

his absence.  Accordingly, we affirm.


────────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

Appellant's notice of appeal to the circuit court indicated that his trial date would be set on November 1, 1993. This notice, which appellant signed, also said, "YOU MUST BE PRESENT ON THIS DATE. IF YOU ARE ON BOND AND DO NOT APPEAR ON THIS DATE, YOUR BOND MAY BE REVOKED." On November 1, 1993, appellant was not present in court. However, his counsel appeared on his behalf, waived trial by jury, and agreed to a December 21, 1993 trial date. The trial judge entered an order on November 4, 1993 setting the trial date for December 21, 1993. The order indicated that a copy was mailed to appellant.

Appellant was released on bond on November 15, 1993. The "Conditions of Release and Recognizance," which he signed, contained the following language: "The Accused further promises to appear to answer for the offenses for which he may be charged at all times and places and before any court or judge to which this case may be rescheduled, continued, transferred, certified or appealed." The bond agreement also warned: "Failure to appear may result in your being tried and convicted in your absence." Moreover, the bond agreement specified that the next hearing was on December 21, 1993.

On December 21, 1993, appellant failed to appear for trial.[1] Appellant's attorney appeared at the trial and acted on

_____

[1] The written statement of facts indicates that "[a]lthough the defendant was present in the courthouse with his attorney on the morning of December 21, 1993, he did not appear when his case was heard."

his behalf throughout the proceeding. The trial judge entered "not guilty" pleas on appellant's behalf, found appellant guilty of all charges, and set a sentencing date of March 7, 1994. He also issued a capias for appellant's arrest.

Appellant failed to appear at the March 7, 1994 sentencing hearing. The trial judge continued the sentencing hearing several times until appellant was located. Appellant appeared for sentencing on April 5, 1995, at which time the trial judge sentenced appellant to consecutive jail terms for several of the misdemeanor offenses.

## II.

A defendant's right to be present at his trial arises from the Sixth Amendment and Virginia statutory authority.[2] Head v. Commonwealth, 3 Va. App. 163, 168, 348 S.E.2d 423, 426 (1986). "The [S]ixth [A]mendment right of confrontation is a 'fundamental

---

[2]For misdemeanor offenses, the applicable statute is Code § 19.2-237, which provides:

> On any indictment or presentment for a misdemeanor process shall be issued immediately. If the accused appear and plead to the charge, the trial shall proceed without delay, unless good cause for continuance be shown. If, in any misdemeanor case the accused fails to appear and plead, when required the court may either award a capias or proceed to trial in the same manner as if the accused had appeared, plead not guilty and waived trial by jury, provided, that the court shall not in any such case enforce a jail sentence.

Whether the statute was applicable to misdemeanor charges tried on warrants, as was appellant, was not an issue before us. Assuming, without deciding, that the statute applies to "any misdemeanor case," we hold, (post), that appellant waived his rights thereunder.

right.'" Id. While there is a presumption against the waiver of a defendant's fundamental right to be present at trial, "[a] defendant's voluntary absence from trial may be properly construed under the [S]ixth [A]mendment as a waiver of his right of confrontation." Id. at 168, 348 S.E.2d at 426-27.

Appellant does not allege that he was unaware of the December 21, 1993 trial date, and the facts conclusively establish that he received notice of the trial date. First, his attorney appeared at the November 1, 1993 hearing and agreed to the December 21, 1993 trial date. "The attorney-client relationship presumes that attorney and client, as servant and master, will communicate about all the important stages of the client's upcoming trial. Notice to [the accused]'s attorney of record of the trial date is evidence that the notice was given to [the accused]." Hunter v. Commonwealth, 15 Va. App. 717, 722, 427 S.E.2d 197, 201 (1993).

Second, appellant's signed bond agreement contained the date of the trial. The November 4, 1993 court order, which also reflects the December 21, 1993 trial date, indicates that a copy of this order was mailed to appellant on November 4, 1993. Nothing in the record suggests that appellant failed to receive a copy of this order. Moreover, an accused is charged with knowledge of his trial dates noted in the court's orders. Id. at 722, 427 S.E.2d at 200-01.

Third, in a letter to the trial judge, dated October 11,

-4-

1994 and filed with the record, appellant stated that he was present at the courthouse on December 21, 1993, "but departed about one [1] hour later after being advised [he] would not be able to plea to a reduced charge . . . ."

For these reasons, the trial judge reasonably concluded that appellant had notice of the trial date. Other than appellant's letter stating that he left the courthouse on the date of the trial after he was advised that he would not be able to plead to a reduced charge, the record contains no explanation of why appellant was not present at the trial. Therefore, based on this record, we find that appellant knowingly and voluntarily failed to appear for his trial. See Cruz v. Commonwealth, 23 Va. App. 113, 122-23, 474 S.E.2d 835, 840 (1996).

In Quintana v. Commonwealth, 224 Va. 127, 145, 295 S.E.2d 643, 651 (1982), cert. denied, 460 U.S. 1029 (1983), the Virginia Supreme Court held that an accused may by his conduct forfeit his constitutional rights of confrontation and due process and his statutory right to be present during his trial. We hold that appellant, by his conduct of knowingly and voluntarily failing to appear for his trial, forfeited both his constitutional rights of confrontation and due process and his statutory rights under Code § 19.2-237.

Code § 19.2-237 explicitly authorizes the trial court to proceed to trial, if, in a misdemeanor case, the accused fails to appear and plead. Under the circumstances of this case, the

trial judge did not abuse his discretion in proceeding with the misdemeanor trial in appellant's absence.[3]  "To hold otherwise would permit a defendant free on bond and having notice of the trial date to obstruct the course of justice without a compelling reason.  This we refuse to do."  Head, 3 Va. App. at 170, 348 S.E.2d at 428.

To allow appellant to appear at his sentencing hearing fifteen months after conviction and argue that he could not be sentenced to jail for the crimes because he had knowingly and voluntarily absented himself from the earlier trial defies reasonable jurisprudence.  We reject appellant's argument that the court enforced a jail sentence in his absence in violation of Code § 19.2-237.  The record is clear that after appellant's conviction in absentia, sentencing was continued until he was located and brought before the court.  Thus, he was present when sentence was imposed.  The Code section employs the word "enforce" rather than "impose."  However, "enforce" is defined as "to put into execution; to cause to take effect."  Black's Law Dictionary 528 (6th ed. 1990).  Similar definitions are found in Webster's Third New International Dictionary.  We find no distinction of substance between a court imposing a jail sentence or the statutory language prohibiting a court from enforcing a

---

[3]In the exercise of discretion, the trial judge should consider all of the various factors presented by the evidence and the circumstances surrounding a defendant's absence.  See United States v. Peterson, 524 F.2d 167, 185 (4th Cir. 1975), cert. denied, 423 U.S. 1088 (1976).

jail sentence.

In Head, we analyzed the important policy considerations which the General Assembly considered in prohibiting the enforcement of a misdemeanor jail sentence. These considerations suggested that "the system of justice would be better served by delaying the imposition of sentence," as was done in this case. Head, 3 Va. App. at 172, 348 S.E.2d at 429. A defendant's presence in open court satisfies the policy imperatives discussed in Head.

Relying on Head, the 1989 Report of the Attorney General 191-92, opined that a sentence "of incarceration . . . may not be imposed upon a defendant in the defendant's absence. This conclusion is reinforced by the fact that the defendant must, of course, be apprehended before any jail sentence may be executed." Id. at 192. The opinion concluded that "the court may not proceed to sentence the defendant to a term of incarceration without the defendant's presence in court." Id. Although Attorney General's opinions are not binding, they are persuasive and may be used as an aid in construing legislative intent. Diggs v. Commonwealth, 6 Va. App. 300, 304-05, 369 S.E.2d 199, 201 (1988).

Accordingly, we hold that the requirements of Code § 19.2-237 are met where an accused has voluntarily waived his right to be present at trial but was present at the hearing where sentence was imposed. The convictions appealed from are

affirmed.

                                        <u>Affirmed</u>.