COURT OF APPEALS OF VIRGINIA

Present:  Judges Humphreys, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


DAYMON RUFFIN, S/K/A
 DAMION RUFFIN
                                            OPINION BY
v.    Record No. 0063-00-2         JUDGE ROBERT J. HUMPHREYS
                                            MARCH 6, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                     James F. D'Alton, Jr., Judge

          Mufeed W. Said, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     The appellant, Daymon Ruffin, was convicted in his absence of

driving on a suspended driver's license with prior convictions and

sentenced to twelve months in jail.  On appeal, he contends that

the trial court erred in enforcing the jail sentence in his

absence.

                        I.  Background

     On July 24, 1999, Officers John McClellan and William

Bondenhamer, of the Petersburg Police Department, issued a summons

to Ruffin for driving on a suspended license with prior

convictions.  Ruffin was convicted in general district court and

appealed the decision to the circuit court.  Ruffin executed a

recognizance appeal bond which provided that if he failed to appear for trial, he could be tried and convicted in his absence, and would waive his right to a jury trial.

Ruffin's case was set for a jury trial in circuit court on December 30, 1999.  Ruffin was present in court the day the trial date was set and had knowledge of the trial date.  However, Ruffin did not appear for trial.  Consequently, the trial court released the jury, issued a capias and tried Ruffin in his absence upon a plea of not guilty.  The trial court convicted Ruffin and proceeded to sentence him.  The following exchange occurred between the court and Ruffin's counsel:

> [COUNSEL FOR APPELLANT]:  Judge, I wasn't aware that the court could impose an active jail sentence without the defendant being here.  Are we on sentencing now?
>
> *        *        *        *        *        *        *
>
> THE COURT:  It's a misdemeanor.  He can be tried in his absence.  And I don't think there's any prohibition if he willfully absents himself, which it appears he's done, his bond indicates that he can be tried in his absence so there's no prohibition against sentencing him in his absence on a misdemeanor.
>
> [COUNSEL FOR APPELLANT]:  Certainly, Judge, I wasn't aware of that.  I would just note my exception to that.

The trial court then sentenced Ruffin to jail for a period of twelve months.

-

## II. Analysis

Ruffin argues that the trial court incorrectly sentenced him in his absence and bases his argument on Code § 19.2-237, which provides the following:

> On any indictment or presentment for a misdemeanor, process shall be issued immediately.  If the accused appear and plead to the charge, the trial shall proceed without delay, unless good cause for continuance be shown.  If, in any misdemeanor case the accused fails to appear and plead, when required the court may either award a capias or proceed to trial in the same manner as if the accused had appeared, plead not guilty and waived trial by jury, <u>provided, that the court shall not in any such case enforce a jail sentence</u>.

(Emphasis added.)

Conversely, the Commonwealth argues that Code § 19.2-258 applies to Ruffin's case and permits sentencing a convicted misdemeanant in his absence.  That section provides:

> In all cases of a misdemeanor upon a plea of guilty, tendered in person by the accused or his counsel, the court shall hear and determine the case without the intervention of a jury.  If the accused plead not guilty, in person or by his counsel, the court, in its discretion, with the concurrence of the accused and the attorney for the Commonwealth, may hear and determine the case without the intervention of a jury.  In each instance the court shall have and exercise all the powers and duties vested in juries by any statute relating to crimes and punishments.
>
> When a person charged with a misdemeanor has been admitted to bail or released upon his own recognizance for his appearance before a court of record having jurisdiction of the

-

> case, for a hearing thereon and fails to
> appear in accordance with the condition of
> his bail or recognizance, he shall be deemed
> to have waived trial by a jury and the case
> may be heard in his absence as upon a plea
> of not guilty.

Code § 19.2-258.

The Commonwealth argues that because Code § 19.2-258 addresses situations where defendants on recognizance bonds fail to appear, and states that a "court shall have and exercise all the powers and duties vested in juries by any statute relating to crime and punishments," it applies to Ruffin and provides the trial court with the authority to "punish" or enforce a jail sentence upon him in his absence, despite the language in Code § 19.2-237 barring the enforcement of a jail sentence on defendants tried in their absence on indictments or presentments for misdemeanors. We disagree. [1]

Statutes cannot be read in a vacuum. It is a well-settled rule of statutory construction that "[i]f apparently conflicting statutes can be harmonized and effect given to both of them, they will be so construed." Lake Monticello Owners' Assoc. v.

---

[1] As a preliminary matter, the Commonwealth argues Rule 5A:18 bars Ruffin from arguing on appeal that the trial court erred in imposing the sentence because Ruffin's counsel failed to state the grounds for his objection. However, we conclude from the transcript that he specifically objected to the sentencing in Ruffin's absence and the trial judge considered and ruled on the objection. Therefore, Rule 5A:18 does not bar our review of the merits of this appeal. See Elkins v. Commonwealth, 30 Va. App. 460, 465, 517 S.E.2d 728, 731 (1999); Wright v. Commonwealth, 4 Va. App. 303, 305, 357 S.E.2d 547, 549 (1987).

-

<u>Lake</u>, 250 Va. 565, 570, 463 S.E.2d 652, 655 (1995). We do not read the statutes to be in conflict. The two statutes can be easily "harmonized."

The issue of whether Code § 19.2-258 provides trial courts with the authority to enforce a jail sentence upon defendants who have been released on recognizance bonds, or admitted to bail, but have failed to appear for trial, is easily disposed of by a close reading of Code § 19.2-258. The statute does not address a court's power to enforce a jail sentence in a defendant's absence, whereas Code § 19.2-237 does. Instead, Code § 19.2-258 merely provides trial courts with the "powers" "<u>vested in juries</u> by any statute relating to . . . punishments" when a defendant fails to appear under the appropriate circumstances. (Emphasis added.)

> Virginia law has historically maintained a clear distinction between the roles played by judge and jury in criminal sentencing. Under the statutory scheme, the jury determines the guilt or innocence of the accused. If the jury finds that he is guilty, it then "ascertains" or "fixes" the maximum punishment . . . . After conviction, . . . the court may suspend imposition of sentence or suspend the sentence in whole or part.
>
> [Thus,] the punishment as fixed by the jury is not final or absolute, since its finding on the proper punishment is subject to suspension by the trial judge . . . . This procedure makes the jury's finding little more than an advisory opinion or first-step decision.

-

<u>Batts v. Commonwealth</u>, 30 Va. App. 1, 15-16, 515 S.E.2d 307, 314-15 (1999) (citations omitted).  Accordingly, the statute relied upon by the Commonwealth does not address the trial court's authority to enforce a jail sentence.  In comparison, Code § 19.2-237 specifically bars a trial court from enforcing a jail sentence upon a defendant tried in his or her absence on a misdemeanor.

In addition, we have recognized the legislature's intent to protect "important policy considerations which suggest that the system of justice would be better served by delaying the imposition of sentence" in cases where the defendant has been tried in his absence.[2]  <u>Head v. Commonwealth</u>, 3 Va. App. 163, 172, 348 S.E.2d 423, 429 (1986), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Cruz v. Commonwealth</u>, 24 Va. App. 454, 482 S.E.2d 880 (1997) (<u>en</u> <u>banc</u>).  The legislature provided for these concerns by enacting Code § 19.2-237, which applies only to indictments and presentments for misdemeanors.  We have previously held that these protections apply to felony cases, as well as misdemeanors.  <u>Head</u>, 3 Va. App. at 173, 348 S.E.2d at 429-30.

---

[2] Although not an issue on appeal, we note that Code § 19.2-237 uses the word "enforce" rather than "impose."  The common meaning of the term "enforce" is "to put in force; to cause to take effect."  <u>Webster's Third New International Dictionary</u> 751 (1993).  The common meaning of "impose" is "to cause to be burdened."  <u>Id.</u> at 1136.  We find no distinction of substance between a court imposing a jail sentence and enforcing a jail sentence.  <u>See</u> <u>Hohman v. Commonwealth</u>, 96 Vap Unp 0815954(a) (1996), <u>aff'd</u>, 255 Va. 3, 493 S.E.2d 886 (1997).

-

We see no reason why they should not also apply to misdemeanors tried on a warrant or summons.

Were we to adopt the position urged on us by the Commonwealth, we would have the anomalous situation where, under the plain language of Code § 19.2-237 and our holding in Head, a court could not enforce a jail sentence on a defendant who failed to appear and enter a plea on an indictment for a felony or misdemeanor, but would be permitted to do so in a trial de novo appeal of a misdemeanor on a warrant or summons where the defendant likewise failed to appear.

We, therefore, hold that if a defendant charged with a misdemeanor fails to appear for trial, the trial court may elect to (1) issue a capias for failure to appear and continue further proceedings or (2) proceed to trial in the defendant's absence and if convicted, sentence the defendant, but in that event and pursuant to Code § 19.2-237, such sentence may not include an unsuspended jail sentence. Accordingly, we reverse the trial court's decision in this regard and remand for proceedings consistent with this decision.

Reversed and remanded.

-