COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Felton and Senior Judge Overton
Argued at Chesapeake, Virginia


WILLIAM P. ROBINSON, JR.
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2901-01-1       JUDGE RUDOLPH BUMGARDNER, III
                                          APRIL 1, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                     D. Arthur Kelsey, Judge

            William P. Robinson, Jr. (George A. Anderson,
            Jr.; Robinson, Neely & Anderson, on brief),
            for appellant.

            John H. McLees, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     The trial court convicted William P. Robinson, Jr. of

contempt of court, Code § 18.2-456, and sentenced him to ten

days in jail, with five days suspended, and fined him $250.  The

defendant contends the trial court erred in sentencing him in

absentia and in denying him allocution.  He also maintains his

plea of nolo contendere was actually a plea of not guilty and

the evidence was insufficient to convict.  We affirm the

conviction but conclude the trial court erred in sentencing the

defendant.  We vacate the sentence and remand for re-sentencing.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On October 5, 2001, the trial court accepted the defendant's plea of nolo contendere, and pronounced the defendant guilty of contempt of court.  It held punishment in abeyance, continued the case for two weeks, and solicited written memoranda on punishment, which both parties submitted.  On October 19, 2001, the trial judge issued from chambers a written opinion and order that imposed a jail sentence and fine.

On October 23, 2001, the defendant filed a motion to vacate judgment "by reason of the defendant not having been given an opportunity to present evidence in mitigation and to argue the appropriate disposition."  The Commonwealth responded by concurring in the motion to vacate the judgment and allow the defendant to be present at sentencing.  The Commonwealth stressed that Code § 19.2-298 allowed the right of allocution before pronouncement of sentence.  The trial court denied the motion by written opinion.

Code § 19.2-237[1] states a defendant shall not be sentenced to jail in absentia.  The General Assembly has "recognized that there are important policy considerations which suggest that the system of justice would be better served by delaying the

---

[1] Code § 19.2-237 provides that if a misdemeanor defendant "fails to appear and plead . . . the court may either award a capias or proceed to trial in the same manner as if the accused had appeared, plead not guilty and waived trial by jury, provided, that the court shall not in any such case enforce a jail sentence.  (Emphasis added).

imposition of sentence," than by sentencing a defendant in his absence.  Head v. Commonwealth, 3 Va. App. 163, 172, 348 S.E.2d 423, 429 (1986), overruled on other grounds by Cruz v. Commonwealth, 24 Va. App. 454, 482 S.E.2d 880 (1997) (en banc)).  Code § 19.2-237 specifically addresses presentments and indictments for misdemeanors, but it also applies to misdemeanors tried on a warrant or summons.  Ruffin v. Commonwealth, 35 Va. App. 79, 85, 542 S.E.2d 808, 810 (2001).  It applies to felonies as well as misdemeanors.  Head, 3 Va. App. at 173, 348 S.E.2d at 429-30.

"'The presence of the defendant indicates that society has sufficient confidence in the justness of its judgment to announce it in public to the convicted man himself.  Presence thus enhances the legitimacy and acceptability of both sentence and conviction.'"  Id. at 173, 348 S.E.2d at 429 (quoting Note, Procedural Due Process at Judicial Sentencing for Felony, 81 Harv. L. Rev. 821, 831 (1968)).  It is "'advantageous to [the defendant] that the decision maker be required to face him.'"  Id. at 172, 348 S.E.2d at 429 (citation omitted).  The prohibition against sentencing in absentia permits the defendant to present and challenge evidence and makes him publicly accountable for his conduct.  Id.

The cases interpreting the statutory requirement that the defendant be present when sentenced to jail arise from plenary proceedings.  However, the principles encompassed in those

- 3 -

enactments are equally compelling when a court proceeds summarily to exercise its contempt powers. The trial court erred in imposing a jail sentence in absentia.

The ancient right of allocution has also existed in statutory form since 1975. "Before pronouncing the sentence, the court shall inquire of the accused if he desires to make a statement and if he desires to advance any reason why judgment should not be pronounced against him." Code § 19.2-298. It exists in both jury and bench trials. Bassett v. Commonwealth, 222 Va. 844, 858-59, 284 S.E.2d 844, 853-54 (1981). The right may be knowingly waived, but it may not be unilaterally denied. United States v. Cole, 27 F.3d 996, 999 (4th Cir. 1994) (error to deny right of allocution before sentence pronounced). See Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978) (state court's denial of allocution was denial of due process under the Fourteenth Amendment). The trial court erred in denying the defendant allocution. While the error undermines the sentence, it does not impair the conviction. United States v. Walker, 346 F.2d 428, 430 (4th Cir. 1965).

At the October 5, 2001 show cause hearing, the defendant was present with counsel. He tendered a plea of nolo contendere and stated, "I plead no contest to failing to advise this Court of my desire for a continuance of this case and for failing to appear and failing to comply with the local rules." The defendant, an experienced criminal defense attorney, stated he

- 4 -

understood his plea of nolo contendere, made it freely and voluntarily, and understood its nature and consequences. After the trial court accepted the plea of nolo contendere and convicted the defendant of contempt, the defendant never objected to the ruling. He conceded that he had entered a plea of nolo contendere in his letter of October 19, 2001. The defendant entered a plea of nolo contendere, and it was tantamount to a plea of guilty for all purposes of this case. Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998); Clauson v. Commonwealth, 29 Va. App. 282, 290, 511 S.E.2d 449, 453 (1999).

The defendant challenges the sufficiency of the evidence. "Where the court's authority to punish for contempt is exercised by a judgment rendered, its finding is presumed correct and will not be reversed unless plainly wrong or without evidence to support it." Brown v. Commonwealth, 26 Va. App. 758, 762, 497 S.E.2d 147, 149 (1998). We view the evidence in the light most favorable to the Commonwealth.

The defendant represented a criminal defendant for whom he had already received five continuances. The defendant agreed to a trial on September 21, 2001 at 2:00 p.m. in circuit court in Suffolk. Eight days before the trial, the defendant requested a continuance of a federal sentencing hearing in Richmond and agreed to a new date of September 21, 2001 at 11:00 a.m. The defendant sent a facsimile request for a continuance to the

- 5 -

circuit court clerk's office in Suffolk but made no effort to see if the trial court granted another continuance.  The trial court did not grant a continuance, and the defendant did not appear for the trial, though his client did.

Contempt "includes any act . . . 'calculated to embarrass, hinder, or obstruct the court' in the discharge of its responsibilities."  Baugh v. Commonwealth, 14 Va. App. 368, 372, 417 S.E.2d 891, 894 (1992) (quoting Carter v. Commonwealth, 2 Va. App. 392, 396, 345 S.E.2d 5, 7-8 (1986)).  When counsel schedules multiple cases in different jurisdictions for the same time and fails to appear at an agreed upon trial date, the evidence is sufficient to constitute contempt.  Brown, 26 Va. App. at 762, 497 S.E.2d at 149.  The defendant's conduct was egregious.  He knowingly created a conflict between the federal district court in Richmond and the circuit court in Suffolk.  He then used the conflict as an excuse not to appear.  The defendant acted in contempt of court.

We affirm the conviction for contempt of court, but we conclude the trial court erred by sentencing in absentia and without permitting allocution.  Accordingly, we vacate the sentence and remand for re-sentencing.

Affirmed in part,
reversed in part,
and remanded.

- 6 -