Tuesday        25th

March, 1997.


Jose Luis Cruz,                                          Appellant,

 against        Record No. 0749-95-4
                Circuit Court No. CR94-1408

Commonwealth of Virginia,                                Appellee.


Upon Rehearing En Banc

Before Chief Judge Moon, Judges Baker, Benton, Coleman,
     Willis, Bray, Fitzpatrick, Annunziata and Overton

          Sean D. O'Malie (Pelton, Balland, Young,
          Demsky, Baskin & O'Malie, on brief), for
          appellant.

          Eugene Murphy, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


          By opinion dated September 3, 1996, a majority of a panel of

this Court affirmed the decision of the trial court.  Cruz v.

Commonwealth, 23 Va. App. 113, 474 S.E.2d 835 (1996).  Upon motion of

Jose Luis Cruz, we granted a hearing en banc.  Upon such rehearing,

the judgment of the trial court is affirmed.  We adopt as the opinion

of this Court en banc the following from the panel opinion:

          Following a jury trial conducted in his absence, appellant,

Jose Luis Cruz ("Cruz"), was convicted of malicious wounding,

sentenced to seven years imprisonment, and fined $20,000.  On appeal,

Cruz argues that the court erred by proceeding in his absence.  We

disagree and affirm.

Following his arrest, Cruz was released on bond after he signed a recognizance form on which he acknowledged that, if he failed to appear at trial, the court could try and convict him in his absence. Subsequently, Cruz was indicted and arraigned. Cruz was again released after he signed another form entitled, "Appearance at Trial," in which he acknowledged that if he failed to appear at his trial, scheduled for October 31, 1994, the court could try him in his absence.[10]

Cruz failed to appear at trial on October 31, and the court stated that it was prepared to proceed without him. Defense counsel objected and requested a continuance. However, counsel was unable to proffer an explanation for Cruz's absence and stated that Cruz "lives with the knowledge and that he realizes his failing to appear is a waiver."

---

[10]The form reads as follows:

### APPEARANCE AT TRIAL

I understand that I must appear in Circuit Court at 9:30 a.m. on the date set for my trial/disposition which is _____.

I understand that if I fail to appear on the date set for trial, I may be tried in my absence and may be indicted for the felony offense of Failure to Appear which carries a sentence of up to five years in the penitentiary.

_____
Defendant

_____
Date

Faced with both the "Appearance at Trial" form signed by Cruz and Cruz's unexplained absence, the court found that Cruz had voluntarily waived his right to attend trial. The court stated that the reason for the "Appearance at Trial" form was

> so we don't have witnesses coming in here.
> We don't have everybody ready for trial. We
> don't have a jury sitting around and a
> defendant decides that he prefers to be
> somewhere else.

The court empathized with the difficulty Cruz's absence presented defense counsel but observed that Cruz was responsible for counsel's predicament and that Cruz's absence did not mean "the witnesses, the Commonwealth, the Jury and the Court should suffer any further prejudice." The court further stated that "[w]itnesses, jurors, court systems depend upon everybody showing up, including the defendant." For these reasons, the court proceeded with trial in Cruz's absence.[11]

On December 2, 1994, Cruz appeared for sentencing. Defense counsel renewed his objection and proffered Cruz's excuse. He stated that Cruz was concerned about the trial and that he drank too much the night before trial and overslept. The court denied Cruz relief, stating that Cruz's explanation demonstrated his awareness of the trial date and its importance.

---

[11]The court informed both the venire and the jury panel that Cruz was absent and instructed them not to speculate on the reasons. The court further instructed the panel that, in his absence, Cruz would be afforded the same constitutional protections as if he were present.

An accused's right to be present at trial arises from both the Sixth Amendment[12] and Code § 19.2-259.[13]  Hunter v. Commonwealth, 13 Va. App. 187, 190, 409 S.E.2d 483, 485 (1991); Head v. Commonwealth, 3 Va. App. 163, 168, 348 S.E.2d 423, 426 (1986).  At common law, the right to be present at trial could not be waived. Noell v. Commonwealth, 135 Va. 600, 608-09, 115 S.E. 679, 681 (1923), overruled by Jones v. Commonwealth, 227 Va. 425, 317 S.E.2d 482 (1984); Crosby v. United States, 506 U.S. 255, 259 (1993).[14]  Under the modern rule, however, an accused may forfeit both the constitutional right and the statutory right to be present at trial. Head, 3 Va. App. at 168-69, 348 S.E.2d at 426-27; see also Sisk v. Commonwealth, 3 Va. App. 459, 463, 350 S.E.2d 676, 679 (1986).

An accused, present at the start of trial, can waive the right to be present for further proceedings once the trial begins. Taylor v. United States, 414 U.S. 17, 20 (1973) (defendant absconded

---

[12]"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI.  "The Fourteenth Amendment makes the guarantees of this clause obligatory upon the States."  Illinois v. Allen, 397 U.S. 337, 338 (1970).

[13]Code § 19.2-259 provides, in part, "[a] person tried for felony shall be personally present during the trial."

[14]This canon was premised on the notion that a fair trial could take place only if the jurors met the defendant face-to-face and only if those testifying against the defendant did so in his presence.  It was thought "contrary to the dictates of humanity to let a prisoner `waive the advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defence with indulgence.'"  Crosby, 506 U.S. at 259 (citations omitted).

mid-trial); <u>Barfield v. Commonwealth</u>, 20 Va. App. 447, 449-53, 457 S.E.2d 786, 787-89 (1995) (same); <u>see</u> <u>also</u> <u>Illinois v. Allen</u>, 397 U.S. 337, 343 (1970) (defendant removed from trial after refusal to refrain from disorderly, disruptive, and disrespectful conduct); <u>Quintana v. Commonwealth</u>, 224 Va. 127, 144-45, 295 S.E.2d 643, 651-52 (1982), <u>cert. denied</u>, 460 U.S. 1029 (1983) (same).  Moreover, under Virginia law, an accused can waive the right to be present for the entire trial.  <u>Head</u>, 3 Va. App. at 170, 348 S.E.2d at 428; <u>Hunter</u>, 13 Va. App. at 190, 409 S.E.2d at 485.

However, as one of the most basic rights guaranteed by the Confrontation Clause, <u>Allen</u>, 397 U.S. at 338, an accused's right to be present at trial must be carefully safeguarded.  <u>United States v. Beltran-Nunez</u>, 716 F.2d 287, 290 (5th Cir. 1983).  Therefore, before proceeding <u>in absentia</u>, the court must first determine that the absence of the accused denotes a waiver of the right to be present at trial.  <u>See</u>, <u>e.g.</u>, <u>Barfield</u>, 20 Va. App. at 449-50, 457 S.E.2d at 787-88; <u>Hunter</u>, 13 Va. App. at 191, 409 S.E.2d at 485.  Additionally, in the case of an accused who fails to appear at the start of trial, the court must also determine whether a continuance would be "prejudicial to the Commonwealth's case."  <u>Hunter</u>, 13 Va. App. at 191, 409 S.E.2d at 485; <u>Head</u>, 3 Va. App. at 170, 348 S.E.2d at 428; <u>cf.</u> <u>Barfield</u>, 20 Va. App. at 453, 457 S.E.2d at 789 ("Commonwealth not required to prove prejudice when defendant absconds after trial has commenced.").

A presumption exists against the waiver of a constitutional right.  <u>Hunter</u>, 13 Va. App. at 191, 409 S.E.2d at 485; <u>Sisk</u>, 3 Va.

App. at 462, 350 S.E.2d at 678. Such a waiver must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." Hunter, 13 Va. App. at 191, 409 S.E.2d at 485 (quoting Brady v. United States, 397 U.S. 742, 748 (1970)).

In determining whether there has been a "voluntary waiver" of the defendant's right to be present at trial, the implications which can be derived from a defendant's voluntary absence are fact specific. "[V]oluntary absence, standing alone, does not [necessarily] constitute a knowing and intelligent waiver." Hunter, 13 Va. App. at 193, 409 S.E.2d at 486.

Three panels of this Court have considered the circumstances under which a defendant who is voluntarily absent from the entire trial may be found to have waived his right to be present at trial. In Head, 3 Va. App. at 170, 348 S.E.2d at 428, the defendant was present at arraignment where his trial date was read in open court. After he signed a recognizance form on which he acknowledged that his failure to appear could result in his being tried in his absence, the defendant was released on bond. Id. When the defendant failed to appear at trial, the trial court conducted a hearing to determine if he had notice of his trial date, if he was absent by choice, and if his absence was justified. Id. Defense counsel had no explanation for the defendant's absence and stated that notification had been sent to his address. Id. For these reasons, we upheld the trial court's determination that the defendant had voluntarily and knowingly waived his right to be present.

In Sisk, 3 Va. App. at 460, 350 S.E.2d at 677, the defendant was present at arraignment and signed a bond form indicating that if he failed to appear he could be tried in his absence. Although the defendant appeared for trial on the date it was originally scheduled, he failed to appear on the ultimate trial date, after the trial court had granted a number of continuances. Id. at 461, 350 S.E.2d at 678. The defendant was convicted in his absence. Id. We found no evidence that the defendant had notice of the ultimate trial date or that he was warned that his failure to appear at any further stage would be deemed a waiver of his right to be present. Id. at 461, 463–64, 350 S.E.2d at 678, 679-80.[15] For these reasons, we reversed the trial court's determination that the defendant had knowingly and voluntarily waived his right to be present.

In Hunter, 13 Va. App. at 193, 409 S.E.2d at 486, while the defendant clearly had knowledge of his trial date and was absent voluntarily, we held that the defendant had not knowingly and voluntarily waived his right to be present. Distinctly absent was any evidence that the defendant had been warned he could be tried in his absence if he failed to appear. Id. We stated that "[a] voluntary and intelligent waiver of the right to be present at trial could be shown by establishing that an officer of the court has explained to the defendant that failure to appear at trial could result in his

_____

[15]Refusing to apply Head, since it was decided subsequent to the defendant's trial, the Sisk Court found that the bond form did not provide sufficient warning. Sisk, 3 Va. App. at 465, 350 S.E.2d at 680.

being tried in his absence."  Id.[16]

These three cases establish the rule that a knowing and voluntary waiver of the right to be present by a defendant who is voluntarily absent from the entire trial cannot be shown unless the defendant (1) has been given notice of his trial date; and (2) has been warned that his failure to appear could result in a trial in his absence.

Cruz's explanation that he missed trial because he drank too much and overslept clearly supports the trial court's finding that his absence was, indeed, voluntary.  The "Appearance at Trial" form provided Cruz both notice of his trial date and a warning that his failure to appear could result in a trial in his absence.  That warning

> provide[s] the basis for [our] subsequent finding that [Cruz] knew and understood that he ha[d] a right to be present at trial and that he might waive or forfeit that right by his absence.  [Thus], the record [provides] prima facie evidence of [Cruz's] knowing forfeiture or waiver of his right to be present.

Hunter, 13 Va. App. at 192, 409 S.E.2d at 486 (quoting Sisk, 3 Va. App. at 466, 350 S.E.2d at 680).[17]  Thus, we conclude the trial court

---

[16]The Hunter decision did not "limit the manner in which the trial court may determine that the appellant has made a knowing and intelligent waiver of the right to be present at trial," 13 Va. App. at 193, 409 S.E.2d at 486, and it specifically did not determine the circumstances under which the execution of a bond form would be sufficient to show a voluntary and intelligent waiver.  Id. at 193 n.4, 409 S.E.2d at 486 n.4.

[17]Because we find the "Appearance at Trial" form to have provided sufficient notice and warning, we, like the panel in Hunter, do not address what provisions in a bond recognizance form or under what circumstances the execution of such a form

- 8 -

properly found that Cruz was voluntarily absent from trial and that he had notice both of the trial date and the possibility he would be tried in his absence if he failed to appear.

We now turn to the more difficult issue of the nature of the prejudice which a continuance causes the Commonwealth. We do not believe the Commonwealth can establish prejudice only by showing that witnesses may be lost or not available for a second trial.[18]

All of the cases dealing with this subject recognize that each case turns upon "a complex of issues, including the likelihood that the trial could soon take place with the defendant present." United States v. Peterson, 524 F.2d 167, 185 (4th Cir. 1975), cert. denied, 423 U.S. 1088 (1976). In Head, 3 Va. App. at 169-70, 348 S.E.2d at 427, we cited the holding by the United States Court of Appeals for the Fourth Circuit in Peterson which recognized that, in the exercise of sound discretion, the trial judge should consider various factors in determining whether to proceed. Other circuits agree and have created a similar, nonexclusive list of factors that indicate prejudice.

> Where the court finds that the defendant has voluntarily absented himself from the proceedings, it may decide to proceed in his absence only after balancing a "complex of issues" including the additional burdens, waste and expense inflicted upon the court, government, witnesses, and co-defendants, and the public's interest in seeing the

would be sufficient to show a voluntary and intelligent waiver.

[18]To the extent that our holding here conflicts with our holding in Head, 3 Va. App. at 169-70, 348 S.E.2d at 428, regarding prejudice caused by a defendant's failure to appear for trial, we overrule Head.

accused brought to trial as well as the
court's responsibility to do so speedily.

United States v. Pastor, 557 F.2d 930, 934 (2d Cir. 1977).

In Clark v. Scott, 70 F.3d 386 (5th Cir 1995), cert. denied,
116 S. Ct. 1444 (1996), the United States Court of Appeals for the
Fifth Circuit recently reversed the grant of habeas relief by a
district court and held that state courts are not constitutionally
required to perform the balancing test announced in United States v.
Benavides, 596 F.2d 137 (5th Cir. 1979), and the later case of
Bertran-Nunez.  The Court explained:

> The Supreme Court's decision in Taylor [v.
> United States, 414 U.S. 17 (1973),] leads us
> inexorably to the conclusion that the
> imposition of a balancing test in Benavides
> and Bertran-Nunez is not constitutionally
> required.  Consequently, our cases must be
> understood as an exercise of our supervisory
> powers over federal courts under Rule 43.
> As such, we are powerless to impose this
> balancing test on state courts in federal
> habeas actions.
>      We therefore hold that the Benavides
> balancing test is not constitutional in
> scope.  Because the state trial court's
> continuation of the trial against Clark in
> absentia after a finding of voluntary
> absence comports with constitutional
> requirements as set forth by the Supreme
> Court in Taylor, we conclude that the
> district court erred by granting Clark
> habeas relief.

Clark, 70 F.3d at 389-90.

In some cases, the Commonwealth's claim of prejudice may be
stark and dramatically evident as when a crucial witness would be
unavailable, for whatever reason, in the future.  In such an instance,
the ability of the Commonwealth to prove its case would be clearly

- 10 -

prejudiced.  However, in most cases such prejudice cannot be shown nor should it be required.

Both Peterson and Head recognize that a crucial factor to be considered is the likelihood that the accused would appear and the trial could take place at a later date.  This same reasoning was applied by the Fifth Circuit in Beltran-Nunez:

> [H]ad an inquiry before the trial proceeded established for the record that the defendant had deliberately absented himself and that there was no reasonable probability he could be located shortly, we would be loath to say that the district [trial] court abused its discretion by failing to delay or reschedule the trial.

716 F.2d at 291.

In United States v. Muzevsky, 760 F.2d 83 (4th Cir. 1985), the trial court faced a situation similar to the one before the trial judge here.  The trial court did not know the reason for the defendant's absence, and it had no basis to believe that the trial could be rescheduled within a reasonable time.  Id. at 84.  For those reasons, the Fourth Circuit affirmed the trial court's decision to proceed in the defendant's absence.  Id. at 85.

The record in this case is totally devoid of any assurance, or even hint, that the defendant would be available in the future.  As far as the trial court was aware, the defendant could have fled the jurisdiction or the country for parts unknown, never to be heard from again.  Under such circumstances, we find no abuse of discretion in proceeding with the trial in the defendant's absence.

No prejudice would result to a defendant who was absent as

the result of a medical or other unanticipated emergency, because his trial would not have been completed. Sentencing would have been stayed, as we directed in Head, until he appeared and was accorded the opportunity to justify his absence from the guilt stage of his trial. Upon hearing, if the Court was satisfied that the defendant's absence did not constitute a waiver, a new trial could be ordered.

We further do not agree with the argument that the economic cost to the court or the disruption of its docket is never sufficient to justify proceeding in absentia. It seems unwise and indeed unnecessary to establish such a rule that would apply to all cases, in the future, regardless of the cost involved. Most crimes involve the direct testimony of the victim, usually a local resident, who normally would be available in the event of a continuance. In all such cases, if the economic prejudice considered along with other factors, such as the absence of any evidence showing a reasonable likelihood that the trial could soon take place with the defendant's presence, is not sufficient to try a voluntarily absent appellant, then a defendant could avoid trial at least once because the Commonwealth would not be able to establish that a delay would prejudice its ability to prove its case. Moreover, a defendant would be allowed to circumvent the trial court's authority to control the scheduling of trials and the granting of continuances. We do not read our decisional law as subscribing to such a result.

We caution that the decision to proceed to trial in the absence of the defendant calls for the exercise of sound discretion by the trial judge. Undoubtedly there will be many instances where such

discretion will require a continuance.  If however, after carefully considering all factors, the exercise of sound discretion leads to a trial in the defendant's absence, it would facilitate appellate review if the court insures that the factors which were considered appear in the record.

For these reasons, the conviction appealed from is affirmed. Accordingly, the stay of this Court's September 3, 1996 mandate is lifted.

It is ordered that the trial court allow counsel for the appellant an additional fee of $200 for services rendered the appellant on the rehearing portion of this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.  This amount shall be added to the costs due the Commonwealth in the September 3, 1996 mandate.

_____
Annunziata, J., with whom Benton, J., joins, concurring in part, and
    dissenting in part.

While I concur with the majority opinion that Cruz, by his action, waived his right to be present at his trial, I cannot join in the holding that trial properly proceeded in his absence.

An accused's right to be present at trial is one of the most important and basic rights guaranteed by the Confrontation Clause, Illinois v. Allen, 397 U.S. 337, 338 (1970), and must be carefully safeguarded.  United States v. Beltran-Nunez, 716 F.2d 287, 290 (5th Cir. 1983).  As the majority recognizes, the accused was not permitted at common law to waive the right to be present at trial.  Noell v.

Commonwealth, 135 Va. 600, 608-09, 115 S.E. 679, 681 (1923), overruled by Jones v. Commonwealth, 227 Va. 425, 317 S.E.2d 482 (1984); Crosby v. United States, 506 U.S. 255, 259 (1993).

> This canon was premised on the notion that a fair trial could take place only if the jurors met the defendant face-to-face and only if those testifying against the defendant did so in his presence.  It was thought "contrary to the dictates of humanity to let a prisoner `waive the advantage which a view of his sad plight might give him by inclining the hearts of the jurors to listen to his defence with indulgence.'"

Crosby, 506 U.S. at 259 (citations omitted).  Under modern principles, however, an accused may forfeit both the constitutional right and the statutory right to be present at trial.  Head v. Commonwealth, 3 Va. App. 163, 168, 348 S.E.2d 423, 426 (1986); see also Sisk v. Commonwealth, 3 Va. App. 459, 463, 350 S.E.2d 676, 679 (1986).

In light of the historic requirement to protect an accused's right to be present at trial, a dichotomy emerged between the principles applicable to a defendant who has waived the right to be present after trial begins and the principles applicable to a defendant who fails to appear at the commencement of trial.  See Crosby, 506 U.S. at 261-62; Barfield v. Commonwealth, 20 Va. App. 447, 453, 457 S.E.2d 786, 789 (1995).  This distinction, which the majority appears to ignore, is well-founded:

> As a general matter, the costs of suspending a proceeding already under way will be greater that the cost of postponing a trial not yet begun. . . . [Additionally,] the defendant's initial presence serves to assure that any waiver is indeed knowing. "Since the notion that trial may be commenced in absentia still seems to shock

- 14 -

most lawyers, it would hardly seem appropriate to impute knowledge that this will occur to their clients."  It is unlikely, on the other hand, "`that a defendant who flees from a courtroom in the midst of a trial--where judge, jury, witnesses and lawyers are present and ready to continue--would not know that as a consequence the trial could continue in his absence.'"  Moreover, a rule that allows an ongoing trial to continue when a defendant disappears deprives the defendant of the option of gambling on an acquittal knowing that he can terminate the trial if it seems that the verdict will go against him--an option that might otherwise appear preferable to the costly, perhaps unnecessary, path of becoming a fugitive from the outset.

Crosby, 506 U.S. at 261-62 (citations omitted).

As noted by the majority, an accused, present at the start of trial, clearly can waive the right to be present for further proceedings once trial has begun.  Taylor v. United States, 414 U.S. 17, 20 (1973) (defendant absconded mid-trial); Barfield v. Commonwealth, 20 Va. App. 447, 449-53, 457 S.E.2d 786, 787-89 (1995) (same); see also Illinois v. Allen, 397 U.S. 337, 343 (1970) (defendant removed from trial after refusal to refrain from disorderly, disruptive, and disrespectful conduct); Quintana v. Commonwealth, 224 Va. 127, 144-45, 295 S.E.2d 643, 651-52 (1982), cert. denied, 460 U.S. 1029 (1983) (same).  Where an accused is found to have voluntarily waived the right to be present after trial is underway, the court may proceed in absentia without having to justify specifically its denial of a continuance.  E.g., Barfield, 20 Va. App. at 453, 457 S.E.2d at 789.  In such cases,

when the defendant absconds after the trial has begun, the prejudice to the Commonwealth

- 15 -

> is clear and substantial. Both jurors and
> witnesses will have their lives further
> disrupted by having to be on call until the
> capture or return of the defendant.
> Witnesses's memories will fade.
> Prosecutors, defense counsel and judges, who
> need to work on other cases, will later have
> to interrupt their present case load to
> familiarize themselves with the defendant's
> case which was put on hold. The general
> disruption to the proper administration of
> the criminal justice system is such that the
> Commonwealth should not have to prove any
> special prejudice <u>when the defendant
> absconds after the trial has commenced</u>.

<u>Id.</u> (emphasis added).

The federal courts have extended the rule allowing trial to proceed in the absence of a defendant found to have absconded mid-trial to trials <u>in absentia</u> of defendants who failed to appear at the commencement of trial. <u>E.g.</u>, <u>United States v. Tortora</u>, 464 F.2d 1202 (2d Cir.), <u>cert. denied sub. nom.</u> <u>Santoro v. United States</u>, 409 U.S. 1063 (1972).[19] However, the <u>Tortora</u> Court held that an accused's voluntary absence at the start of trial is not alone sufficient to warrant proceeding with trial. <u>Id.</u> at 1210. Rather, under the <u>Tortora</u> approach, the decision to proceed in the absence of the defendant who fails to appear at the start of trial is a matter for the discretion of the trial court, and should be exercised only in "extraordinary" circumstances where the "public interest clearly outweighs that of the voluntarily absent defendant." <u>Id.</u> This balancing turns on a "complex of issues" including

_____

[19]<u>Tortora</u> has been cited as the leading federal case upholding a trial <u>in absentia</u> of a defendant who took flight before the trial commenced. 3 LaFave & Israel, <u>Criminal Procedure</u> § 23.2(b) (1984).

– 16 –

> the likelihood that the trial could soon
> take place with the defendant present; the
> difficulty of rescheduling, particularly in
> multiple-defendant trials; the burden on the
> Government in having to undertake two
> trials, again particularly in multiple-
> defendant trials where the evidence against
> the defendants is often overlapping and more
> than one trial might keep the Government's
> witnesses in substantial jeopardy.

Id. The Tortora Court further noted, "[i]t is difficult for us to conceive of any case where the exercise of this discretion would be appropriate other than a multiple-defendant case." Id. at n.7. Indeed, "[i]n virtually all of the cases in which a conviction of a defendant obtained in absentia has been affirmed, other co-defendants were present for the trial." United States v. Latham, 874 F.2d 852, 859 (1st Cir. 1989).

The federal circuits never agreed that such a balancing test was appropriate and, in fact, contested whether the trial court should have narrow, broad, or complete discretion to proceed in absentia once voluntary waiver was found. See United States v. Houtchens, 926 F.2d 824, 827 (9th Cir. 1991) (discussing disagreement among circuits and adopting rule requiring no further determination of prejudice once voluntary waiver found).

The Fourth Circuit, however, adopted Tortora's balancing test in a multiple defendant case involving a "set of extraordinary factors." United States v. Peterson, 524 F.2d 167, 185-86 (4th Cir. 1975), cert. denied, 423 U.S. 1088 (1976). Later, in United States v. Muzevsky, 760 F.2d 83 (4th Cir. 1985), the Fourth Circuit extended the rule of Peterson and Tortora to a single-defendant trial. In so

- 17 -

doing, the Muzevsky Court reaffirmed the Peterson/Tortora balancing

approach, stating,

> when the court does not know the reasons for
> the defendant's absence and has no basis to
> believe that the trial can be rescheduled
> within a reasonable time, consideration of
> the government's difficulty in reassembling
> its proof may dictate an immediate trial.
> This determination should be undertaken in
> accord with Peterson.

Muzevsky, 760 F.2d at 85.[20]

Subsequently, this Court adopted the Fourth Circuit's

approach to conducting trials in absentia of defendants absent at the

commencement of trial. See Head, 3 Va. App. at 170, 348 S.E.2d at

428; Hunter v. Commonwealth, 13 Va. App. 187, 190, 409 S.E.2d 483, 485

(1991). Thus, an accused can waive the right to be present for the

entire trial under Virginia law. Id. However, in line with the

Fourth Circuit, this Court adopted the Peterson/Tortora balancing

approach and directed trial courts, before proceeding in absentia, to

consider

> inter alia, the likelihood that the trial
> could soon take place with the defendant
> present, the difficulty of rescheduling, the

---

[20]The United States Supreme Court's decision in Crosby
effectively overruled Tortora, Peterson, and Muzevsky on the
proposition that, under the federal rules, trial could proceed in
the absence of a defendant who failed to appear at the
commencement of trial. Following Crosby, trial may not proceed
in the absence of a defendant who fails to appear at its
commencement under any circumstance. Decided solely on the basis
of the federal rule without reaching the constitutional question,
Crosby does not preclude state courts from proceeding in the
absence of a defendant who fails to appear at the start of trial.
Also, because it precludes trial in absentia of a defendant
absent when the trial commences under any circumstance, the
Crosby Court did not address the necessity of a balancing test to
protect the rights of such a defendant.

> burden on the Commonwealth in securing the
> attendance of witnesses on another date, and
> any other factors given to explain the
> defendant's absence.

Id. at 169-70, 348 S.E.2d at 427-28.

The majority seeks to avoid the result of this Court's adoption of the balancing test by relying on federal cases which held that such a test is not mandated by the federal constitution. It is not the mandate of the federal constitution which compels the result here but, rather, the dictates of Virginia law. The rule resulting from the decisions of this Court is that trial may proceed in the absence of a defendant who fails to appear for the entire trial only if the court finds (1) that the defendant voluntarily waived the right to be present; and (2) "that the burden of a continuance would be prejudicial to the Commonwealth's case." Head, 3 Va. App. at 170, 348 S.E.2d at 428 (emphasis added); see also Hunter, 13 Va. App. at 191, 409 S.E.2d at 485; Barfield, 20 Va. App. at 453, 457 S.E.2d at 789. Recently, in Barfield, this Court affirmed the distinction between the principles applicable to cases involving a defendant who absconds mid-trial and the principles involved in a case where the defendant fails to appear for the entire proceeding. Thus, while

> [t]he general disruption to the proper
> administration of the criminal justice
> system is such that the Commonwealth should
> not have to prove any special prejudice <u>when
> the defendant absconds after the trial has
> commenced</u>, . . . prejudice to the
> Commonwealth's <u>case</u> due to a continuance
> must be shown in order for the court to
> proceed in the defendant's absence [in]
> those cases where the trial ha[s] not yet
> commenced.

<u>Barfield</u>, 20 Va. App. at 453, 457 S.E.2d at 789 (emphasis added).

I concur with the majority opinion that appellant, by his action, knowingly and voluntarily waived his right to be present at his trial. However, in light of principles developed by this Court, a finding that an accused who fails to appear for the entire trial has voluntarily waived his right to be present at trial is, alone, insufficient to justify proceeding in his absence. I cannot join in holding that the trial court properly proceeded in appellant's absence without the Commonwealth having proffered sufficient reasons why its case would have been prejudiced by a continuance.

Indeed, the Commonwealth failed to proffer any reason why its case would be prejudiced by a continuance. Instead, the trial court considered as its basis for proceeding the general disruption to the proper administration of the criminal justice system of Cruz's failure to appear.[21] While such disruption is clearly sufficient to justify proceeding in the absence of a defendant who absconds mid-trial, it is not sufficient to establish "prejudice to the

---

[21]The court indicated that the reason for the Appearance at Trial form was

> so we don't have witnesses coming in here. We don't have everybody ready for trial. We don't have a jury sitting around and a defendant decides that he prefers to be somewhere else.

Later, the court indicated that although Cruz's failure to appear impinged his attorney's ability to defend him, that did not mean the "the witnesses, the Commonwealth, the Jury and the Court should suffer any further prejudice" and that "[w]itnesses, jurors, court systems depend upon everybody showing up, including the defendant."

Commonwealth's case" to justify proceeding in the absence of a defendant who fails to appear at the commencement of trial.  Barfield, 20 Va. App. at 453, 457 S.E.2d at 789.

As the majority points out, the likelihood that the trial could soon take place with the defendant present is one of the factors the trial court must consider.  However, although the majority asserts that this case must turn on a "complex of issues," its holding actually turns on its application of a single factor--that "[t]he record in this case is totally devoid of any assurance, or even hint, that the defendant would be available in the future."  While I agree that there was no assurance Cruz would be available in the near future, this factor alone is not determinative.[22]

The majority's reference to United States v. Muzevsky to support its holding is misplaced.  To say, as the majority does, that "the Fourth Circuit [in Muzevsky] affirmed the trial court's decision to proceed in the defendant's absence" because "[t]he trial court did not know the reason for the defendant's absence, and it had no basis to believe that the trial could be rescheduled within a reasonable time" relates only a fraction of the record.  In Muzevsky, the trial court

> explained that it had proceeded with the trial because it was concerned that delay would lead accomplices testifying against Muzevsky to change their testimony and that the other witnesses, mostly transient hotel employees, would not be available for a second court appearance.  Moreover, the

---

[22]I also note the record reflects that the trial court did not issue a bench warrant for Cruz or attempt in any way to secure his presence for trial in the immediate future.

> court noted that at the time of the trial no
> information was available that would have
> allowed the court to predict if Muzevsky
> would appear in a reasonable time--if at
> all.

Muzevsky, 760 F.2d at 84 (emphasis added).  The Fourth Circuit

affirmed the trial court's decision to proceed in absentia, stating,

> when the court does not know the reasons for
> the defendant's absence and has no basis to
> believe that the trial can be rescheduled
> within a reasonable time, consideration of
> the government's difficulty in reassembling
> its proof may dictate an immediate trial.
> This determination should be undertaken in
> accord with Peterson.

Muzevsky, 760 F.2d at 85 (emphasis added).

The principle underlying the application of the balancing

test this Court has adopted is the preservation of the accused's right

to be present at trial except when the accused's absence prejudices

the government's ability to obtain a conviction.  Indeed, the Virginia

cases and those on which they rely support the proposition that the

accused cannot use the right to be present at trial as a sword, in an

attempt to avoid conviction.  These cases simply require the

government to prove that obtaining a conviction will be more difficult

in the future.

While the absence of assurances as to the missing

defendant's location or likelihood of reappearance may aid the

government in meeting its burden, the absence of such assurances alone

is insufficient.  As Muzevsky clearly demonstrates, the whereabouts of

a defendant and the likelihood of his reappearing in a reasonable time

are factors which may contribute to the broader determination that the

- 22 -

government's case will be prejudiced but which alone are not determinative.  Here, the Commonwealth neither proffered nor argued any reason why a continuance would prejudice its ability to convict Cruz at a later date, and the court made no such finding.

The majority suggests that Cruz's confrontation rights were adequately protected because "[s]entencing would have been stayed . . . until he appeared and was accorded the opportunity to justify his absence."  This argument misses the point and provides false assurance that Cruz's confrontation rights were protected.  According a defendant the opportunity to justify his absence before sentencing addresses only the issue of voluntary waiver of the right to be present as required by the first prong of the test.  See Head, 3 Va. App. at 170, 348 S.E.2d at 428; Hunter, 13 Va. App. at 191, 409 S.E.2d at 485; Barfield, 20 Va. App. at 453, 457 S.E.2d at 789.  However, in addressing the second prong of the test, as we do here, the question to be addressed is whether Cruz's unjustified absence caused sufficient prejudice to the Commonwealth's case to warrant sacrificing his right to confrontation.  See id.  An after-the-fact affirmation that Cruz's absence was unjustified does not establish that the need to conduct a trial in absentia outweighed his confrontation rights.

The majority concludes that the Commonwealth should not be required to prove prejudice to its ability to obtain a conviction before the court may proceed in the absence of a defendant who fails to appear at the start of trial.  This conclusion eviscerates the prejudice prong of the test this Court adopted in Head and reaffirmed in Hunter and destroys the distinction established by this Court in

- 23 -

<u>Barfield</u> between the principles applicable to defendants who abscond mid-trial and those who fail to appear before trial commences.

In support of its position, the majority relies on <u>Clark v. Scott</u>, 70 F.3d 386 (5th Cir. 1995), which held that the United States Constitution does not require a trial court to conduct a balancing test similar to the test established by <u>Tortora</u> and <u>Peterson</u> and adopted by this Court in <u>Head</u>, before proceeding with trial <u>in absentia</u>. Again, the issue is not whether the United States Constitution requires a <u>Tortora</u>/<u>Peterson</u> balancing test. This Court has adopted and affirmed precisely such an approach, <u>see</u> <u>Head</u>, 3 Va. App. at 169-70, 348 S.E.2d at 427; <u>Hunter</u>, 13 Va. App. at 190-91, 404 S.E.2d at 485; <u>Barfield</u>, 20 Va. App. at 453, 457 S.E.2d at 789, and under familiar principles of <u>stare decisis</u>, we are bound by that precedent. <u>See</u> <u>Commonwealth v. Burns</u>, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990).[23] Moreover, the Fifth Circuit's opinion in <u>Clark</u> is inapposite to Cruz's case because <u>Clark</u> involved a defendant who absented himself after the jury had been sworn.

The majority is concerned that "prejudice to the Commonwealth's case" is too difficult to prove and that imposing such a standard would allow a defendant to "circumvent the trial court's authority to control the scheduling of trials and the granting of continuances." However, the standard envisioned by this Court in

---

[23]Contrary to the suggestion of the majority, I would not define "prejudice to the Commonwealth's case" so narrowly "as requiring that the Commonwealth must show that witnesses may be lost or not available for a second trial." Rather, I seek merely to reaffirm the principles developed in Virginia law, which I believe control this issue.

Head, Hunter, Barfield, and which I would reaffirm here, does not transfer to the defendant authority to control the court's docket. Defendants who fail to appear for trial do so at their peril. Not only is any bond forfeited, a defendant's willful failure to appear as required by the court is indictable as a separate offense. Code § 19.2-128.[24]

Furthermore, the costs incurred by our system of justice must be balanced against the constitutional framework of its operation. Preserving an accused's constitutional rights may in fact inhibit the most efficient and convenient means of prosecuting a case through the system. However, our system of justice requires the government to bear the cost of inefficiency and inconvenience mandated by the preservation of an accused's rights.

---

[24]Code § 19.2-128 provides,

> A. Whoever, having been released pursuant to this chapter or on a summons pursuant to § 19.2-73 or § 19.2-74, willfully fails to appear before any court or judicial officer as required, shall, after notice to all interested parties, incur a forfeiture of any security which may have been given or pledged for his release, unless one of the parties can show good cause for excusing the absence, or unless the court, in its sound discretion, shall determine that neither the interests of justice nor the power of the court to conduct orderly proceedings will be served by such forfeiture.
> B. Any person charged with a felony offense who willfully fails to appear before any court as required shall be guilty of a Class 6 felony. Any person charged with a misdemeanor offense who willfully fails to appear before any court as required shall be guilty of a Class 1 misdemeanor.

For the foregoing reasons, I would reverse appellant's conviction and remand the case for further proceedings as the Commonwealth may find appropriate.

_____

This order shall be published and certified to the trial court.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk