COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Cole and Overton
Argued at Richmond, Virginia


JESSE HUTCHINGS

MEMORANDUM OPINION* BY
v.    Record No. 2935-98-2          JUDGE MARVIN F. COLE
                                     FEBRUARY 8, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
James E. Kulp, Judge

John W. Parsons (Law Office of Wood & Wood,
P.C., on brief), for appellant.

Robert H. Anderson, III, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


     Jesse Hutchings (appellant) contends the trial court erred in finding that he waived his right to be present at trial and in proceeding to trial without him.  We disagree, and affirm the convictions.

     On December 28, 1997, police arrested appellant for third-offense concealment of goods.  On April 29, 1998, appellant, appellant's attorney and the prosecutor signed a document entitled "AGREEMENT SETTING CASE(S) FOR TRIAL" in which a June 9, 1998 trial date was scheduled "[i]n the event the Grand Jury returns the bill of indictment A True Bill."  Above the signatures is the

_____

     * Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

following statement: "The Defendant is WARNED that failure to appear for trial may result in your being tried and convicted in your absence."

The grand jury indicted appellant on May 18, 1998 for concealment and for possessing cocaine. On June 9, 1998, the day scheduled for trial, appellant's court-appointed attorney indicated that appellant was not present. Defense counsel told the trial court that he had not heard from appellant and did not know where he was. Appellant's attorney also informed the trial court that appellant "had a case out here a couple of weeks ago. And I know from his lawyer in that case that he failed to appear in that also." Noting the presence of the executed agreement in the file and the uncertainty of appellant's whereabouts and whether "we can get him anytime soon to be able to try this case," the trial court found that appellant "waived his right to be present" and decided "to try him in his absence." At the conclusion of the evidence, the trial court found appellant guilty as charged. However, the trial court added that "[i]f [appellant] is picked up fairly soon and he's got some reasonable explanation of why he was not present today, the Court will set these judgments aside and he will be granted a new trial."

On September 14, 1998, appellant appeared before the trial court without his attorney. The trial court scheduled sentencing for November 19, 1998. At the November 19, 1998

-

sentencing hearing, in response to the trial court's invitation to proffer a reason for appellant's absence at trial, defense counsel declined to provide any explanation regarding why appellant failed to appear at the June 9, 1998 trial.  The trial court then imposed sentence on the earlier obtained finding of guilt.

### LEGAL STANDARD

"An accused's right to be present at trial arises from both the Sixth Amendment and Code § 19.2-259. . . .  Under the modern rule, however, an accused may forfeit both the constitutional right and the statutory right to be present at trial."  Cruz v. Commonwealth, 24 Va. App. 454, 460, 482 S.E.2d 880, 883 (1997) (en banc) (citations omitted).

> [B]efore proceeding in absentia, the court
> must first determine that the absence of the
> accused denotes a waiver of the right to be
> present at trial.  Additionally, in the case
> of an accused who fails to appear at the
> start of trial, the court must also
> determine whether a continuance would be
> "prejudicial to the Commonwealth's case."

Id. at 461, 482 S.E.2d at 883 (citations omitted).  "[T]he decision to proceed to trial in the absence of the defendant calls for the exercise of sound discretion by the trial judge." Id. at 467, 482 S.E.2d at 886.

### VOLUNTARY WAIVER

"[A] knowing and voluntary waiver of the right to be present by a defendant who is voluntarily absent from the entire

-

trial cannot be shown unless the defendant (1) has been given notice of his trial date; and (2) has been warned that his failure to appear could result in a trial in his absence." Id. at 463, 482 S.E.2d at 884.

Here, appellant and his attorney signed a document entitled "AGREEMENT SETTING CASE(S) FOR TRIAL." The document included the scheduled trial date of June 9, 1998, and warned appellant "that failure to appear for trial may result in your being tried and convicted in your absence." The executed document proved that appellant "had notice both of the trial date and the possibility he would be tried in his absence if he failed to appear." Id. at 464, 482 S.E.2d at 885. Therefore, there was sufficient evidence that appellant voluntarily absented himself from trial and waived his right to be present.

CONTINUANCE PREJUDICIAL TO COMMONWEALTH

The record fails to show that appellant's attorney ever requested a continuance. Assuming without deciding that a trial court must consider whether a continuance would be prejudicial to the Commonwealth even where a continuance is not sought, we find sufficient prejudice existed to support the trial court's decision.

A "crucial factor to be considered" in determining whether a continuance would prejudice the government "is the likelihood that the accused would appear and the trial could take place at a later date." Id. at 465, 482 S.E.2d at 886. Thus, absent

-

"any assurance" that an accused "would be available in the future," a trial court does not abuse its discretion "in proceeding with the trial in the defendant's absence."  Id. at 466, 482 S.E.2d at 886.

At the time of appellant's June 9, 1998 trial, appellant's attorney had no idea where appellant was, much less whether he would or could appear at a future date.  In fact, defense counsel acknowledged that appellant had earlier absented himself from another proceeding.  The record contains sufficient evidence of prejudice by defense counsel's acknowledgement that appellant's whereabouts were unknown and the lack of any assurance that appellant could be located and would be present at a future date.

Accordingly, the trial court did not abuse its discretion in proceeding to trial in appellant's absence.

Affirmed.

-