COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


CLAUDE ELMER FRAZIER, S/K/A
 CLAUDE L. FRAZIER
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1082-01-3            JUDGE ROBERT P. FRANK
                                           OCTOBER 1, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF AMHERST COUNTY
                      J. Michael Gamble, Judge

            B. Leigh Drewry, Jr. (Richard P. Cunningham &
            Associates, on brief), for appellant.

            Leah A. Darron, Assistant Attorney General
            (Jerry W. Kilgore, Attorney General, on
            brief), for appellee.


     Claude Elmer Frazier (appellant) was convicted in a bench

trial of reckless driving, a misdemeanor, in violation of Code

§ 46.2-852.  On appeal, he contends the trial court erred in

finding the evidence was sufficient to convict.  For the reasons

stated, we affirm the conviction.

     As the parties are familiar with these facts, we do not

repeat them in this opinion.  We do note, however, at the close

of the Commonwealth's case, appellant moved to strike the

Commonwealth's evidence regarding whether Flood Road, the road on

which the reckless driving occurred, was a public or private road.

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The trial court denied this motion.  At the close of all the evidence, appellant renewed the motion to strike based upon the discrepancy in the Commonwealth's proof that Flood Road was a "highway."  The parties then made their final arguments.  The agreed upon statement of facts indicated:[1]

> The Commonwealth then argued its case
> concerning the credibility of the witnesses
> and the legal definition of a highway.
> Counsel for Mr. Frazier likewise reiterated
> his arguments concerning the discrepancy in
> the Commonwealth's proof of whether or not
> this was a highway within the definition of
> Virginia Code Ann. § 46.2-100 and the
> credibility of the witnesses.

The trial court found appellant guilty of reckless driving.

## ANALYSIS

Appellant contends on appeal that the evidence was not sufficient to prove his driving endangered "the life, limb or property of any person," in violation of Code § 46.2-852.  The Commonwealth argues this issue is procedurally defaulted under Rule 5A:18 because the statement of facts fails to show he raised this "ground" at trial.  We agree with the Commonwealth.

On appeal, a ruling of a trial court will not be reversed unless an objection is stated "together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

---

[1] A statement of facts was submitted pursuant to Rule 5A:8(c).

-

justice."  Rule 5A:18.  A sufficiency argument is barred under this rule if it is not specifically raised at trial.  Floyd v. Commonwealth, 219 Va. 575, 584-85, 249 S.E.2d 171, 176 (1978).  However, if "at the time the ruling or order of the court is made or sought, [a party] makes known to the court the action which he desires the court to take or his objection to the actions of the court and his grounds therefor," then the issue is preserved for appeal.  Code § 8.01-384.  The goal of the contemporaneous objection rule is "to avoid unnecessary appeals, reversals, and mistrials" by giving the trial judge an opportunity to consider and rule on an issue and to take corrective action.  Head v. Commonwealth, 3 Va. App. 163, 167, 348 S.E.2d 423, 426 (1986), overturned in part, Cruz v. Commonwealth, 24 Va. App. 454, 464, 482 S.E.2d 880, 885 (1997) (en banc).

We have ruled that, if appellant's closing argument alerts the trial court to the grounds on which he bases his argument, Rule 5A:18 is satisfied.

> [W]here an issue of sufficiency of evidence
> is presented to a trial court, sitting
> without a jury, in a motion to strike at the
> conclusion of the Commonwealth's evidence
> and, upon its denial and upon conclusion of
> the defendant's evidence, the same issue is
> presented in the defendant's final argument
> to the court, the defendant has preserved
> his right to appeal this issue, even though
> he did not make a motion to strike at the
> conclusion of his own evidence.

-

Campbell v. Commonwealth, 12 Va. App. 476, 478, 405 S.E.2d 1, 1 (1991) (en banc).  Therefore, we look to appellant's closing argument to determine if he preserved the issue of sufficiency of the evidence to prove recklessness.

The statement of facts indicates appellant argued in closing that Flood Road was not a "highway . . . and the credibility of the witnesses."  We cannot say that simply intoning the words "and the credibility of the witnesses" would put a trial court on notice that appellant was challenging the sufficiency of the evidence as to whether appellant was driving in a reckless fashion.

The phrase, "credibility of the witnesses," does not preserve the issue presented.  Taken in the context of his closing argument, appellant appeared to address the credibility of the witnesses on the issue of whether Flood Road was a "highway," not their credibility on other elements of the crime.[2] Appellant did not alert the trial court that he was arguing the Commonwealth failed to prove the elements of the offense of reckless driving.

---

[2] At oral argument, appellant claims the credibility of the witnesses regarding whether the road was a highway was not in question.  However, the officer was impeached with a letter that appeared to contradict his testimony.  Additionally, during the trial, at the close of the Commonwealth's case, appellant argued the evidence was "hopelessly in conflict concerning whether Flood Road was a public or private road."

We find the trial court was not adequately advised of appellant's position.  As appellant did not raise the issue of recklessness, the trial court could not consider his specific argument nor could the trial court take corrective action.  See id.

We find the sufficiency issue raised by appellant on appeal is procedurally defaulted under Rule 5A:18.  From the statement of facts, we do not find the "good cause" or "ends of justice" exceptions applicable.  We affirm the judgment of the trial court.

Affirmed.