COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Alexandria, Virginia


RICHARD A. SULLIVAN, S/K/A
 RICHARD ALLEN SULLIVAN

                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 2300-02-4                          JUDGE JAMES W. BENTON, JR.
                                                             FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                            Carleton Penn, Judge Designate

            Joseph R. Winston, Special Appellate Counsel (Public Defender
            Commission, on briefs), for appellant.

            Richard B. Smith, Senior Assistant Attorney General (Jerry W.
            Kilgore, Attorney General, on brief), for appellee.


        A jury convicted Richard Sullivan, *in absentia*, of grand larceny and conspiracy to commit

grand larceny. Sullivan contends the trial judge erred in finding that he made a voluntary, knowing

and intelligent waiver of his right to be present at trial and that a continuance would have been

prejudicial to the Commonwealth even though the trial had not commenced.[1] We affirm the

conviction for conspiracy to commit grand larceny.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Sullivan filed a *pro se* writ of *habeas corpus* seeking a delayed appeal, referencing only
the conviction for conspiracy to commit grand larceny. All the documents and pleadings in the
*habeas corpus* file and this Court's file refer to the conspiracy conviction only. Appellant's
briefs, however, seek a reversal of the "convictions." We rule only upon the issue as it affects
the conviction for conspiracy to commit grand larceny.

On a day the trial was to commence, the trial judge arraigned Sullivan on indictments charging grand larceny and conspiracy to commit grand larceny. Sullivan pled not guilty, requested a jury trial, and moved for a continuance. The trial judge granted Sullivan's request for a continuance and scheduled the trial for September 28, 2000. Twenty-three days prior to the September trial, the judge held a hearing on the prosecutor's motion to revoke Sullivan's bail for leaving Virginia in violation of his bail restrictions. Before the hearing began, Sullivan spoke with his attorney, left the courthouse, and failed to return. The judge issued a capias for Sullivan's arrest.

Sullivan failed to appear for trial on September 28, 2000. Finding that Sullivan had previously received sufficient notice of the trial date and a warning of the consequences for his failure to appear, the trial judge ruled that the trial would proceed in Sullivan's absence. After informing the jury that Sullivan's absence at trial should not affect their judgment, the trial judge commenced the trial. At the conclusion of the evidence, the jury convicted Sullivan of both offenses, fixing his sentence at two years for grand larceny and one year for conspiracy to commit grand larceny. The trial judge continued the sentencing hearing to a date to be set after Sullivan's arrest.

At the sentencing hearing on June 27, 2001, Sullivan testified he left the courthouse prior to the bail revocation hearing because he feared that he would be incarcerated and unable to support his family. Sullivan also testified that his brother was killed in a car accident in November 1999 and that, since that time, he had been financially supporting his brother's children, his own children, and his mother. The trial judge imposed the jury's sentences for grand larceny and conspiracy to commit grand larceny. In addition, he sentenced Sullivan to an additional one year for failing to appear at the bond revocation hearing and at trial.

II.

Sullivan contends he did not receive sufficient notice and warning that the trial could be held in his absence. The Commonwealth replies that the notice Sullivan received satisfies Cruz v. Commonwealth, 24 Va. App. 454, 482 S.E.2d 880 (1997) (en banc). We agree that Cruz controls this appeal.

The right of an accused to be present at trial is a fundamental right that arises from the Confrontation Clause of the Sixth Amendment and Code § 19.2-259. Head v. Commonwealth, 3 Va. App. 163, 168, 348 S.E.2d 423, 426 (1986). Code § 19.2-259 expressly provides that a "person tried for felony shall be personally present during trial." In view of these protections, we have held that the trial judge's decision to hold a trial in a person's absence should be carefully scrutinized. Head, 3 Va. App. at 169-70, 348 S.E.2d at 427-28.

As in the present case, the accused in Cruz was arraigned and informed of the trial date in open court, and he signed a bond recognizance form acknowledging the consequences for failing to appear at trial might be a trial held in his absence. Despite those notices he failed to appear at the start of the trial. 24 Va. App. at 458-59, 482 S.E.2d at 882. In view of those circumstances in Cruz, we reviewed three of our prior cases, Head, Sisk v. Commonwealth, 3 Va. App. 459, 350 S.E.2d 676 (1986), and Hunter v. Commonwealth, 13 Va. App. 187, 409 S.E.2d 483 (1991), which discussed trials held *in absentia*, and we held that the trial judge did not err in conducting the trial in Cruz's absence. From our analysis of those cases, we established a two-prong test for holding a trial *in absentia*. The trial judge must determine (i) that the accused voluntarily, knowingly, and intelligently waived his right to be present at trial and (ii), in cases where the accused is absent at the start of the trial, the trial judge must determine whether a continuance would be prejudicial to the Commonwealth's case. Cruz, 24 Va. App. at 461, 482 S.E.2d at 883.

The facts of this case are virtually indistinguishable from those in Cruz.  On the day the grand jury issued the indictments, Sullivan appeared before a deputy clerk and signed a bond recognizance, which specified the trial date and included the following language above his signature:

> **I, THE DEFENDANT**, by signing this form, promise to appear in court on the date and time noted above.  If this date, time or place is changed for any reason by any court or judge, I also promise to appear as so directed . . . .
>
> **I UNDERSTAND THAT**:  . . . if I fail to appear, the court may try and convict me in my absence . . . .

Below Sullivan's signature, the deputy clerk certified that she "explained the conditions and warnings contained in this document . . . [and] the defendant . . . swore or affirmed to fulfill the recognizance."

The record also establishes that Sullivan was in the courtroom on August 9, 2000, when the trial judge granted Sullivan's motion for a continuance.  In Sullivan's presence, the judge set the trial for September 28, 2000 and ordered the witnesses to "appear on September the 28th at nine o'clock."

Based on the test described in Cruz, the trial judge relied on the language of the bond recognizance form to establish that Sullivan was informed of the consequences for failing to appear at trial.  The trial judge also found that Sullivan was present at the hearing in which he was informed of his trial date.  In deciding the issue of the sufficiency of the warning for failure to appear, the trial judge commented on Sullivan's signature on the bond recognizance form and found that "we must assume when we see a signature of anyone upon any legal document that they read the document and they were forewarned to the extent that the document so states."  Based on those findings, the trial judge determined that Sullivan made "a voluntary waiver of [his] presence" at trial.

On similar facts in Cruz, see 24 Va. App. at 458-59, 482 S.E.2d at 882, we held that "the trial court properly found that [the defendant] was voluntarily absent from trial and that he had notice both of the trial date and the possibility he would be tried in his absence if he failed to appear." Id. at 463-64, 482 S.E.2d at 885. We, likewise, apply this holding here.[2]

III.

The second prong of the test in Cruz provides that, when the accused fails to appear at the commencement of trial, the trial judge must determine that a continuance in the case would not cause undue prejudice to the Commonwealth's case. In analyzing this issue, we explained that "a crucial factor to be considered is the likelihood that the accused would appear and the trial could take place at a later date." Id. at 465, 482 S.E.2d at 886.

At the bail revocation hearing and again at the September 28, 2000 trial, Sullivan's attorney told the judge that Sullivan was in the courthouse before the bail revocation hearing and left "to go up the street and get a pack of cigarettes." No one knew where Sullivan had gone or whether he would return. Sullivan's attorney speculated as to Sullivan's whereabouts and explained to the judge the following:

> [Sullivan] had charges in Maryland of possession with intent to distribute PCP. I didn't know what the status of those was. But I talked to his probation officer yesterday. And I think that possibly he's gone to trial on those and he could be incarcerated in Maryland. I don't know.

---

[2] Further supporting the trial judge's finding that Sullivan's absence was voluntary, was Sullivan's later explanation that he failed to appear for fear of being incarcerated. Sullivan was with his attorney in the courthouse on September 5, 2000, when a hearing was scheduled on the prosecutor's motion to revoke his bail. Sullivan spoke with his attorney and left the courthouse before the trial commenced. Sullivan said he was wrong to leave the revocation hearing. Explaining his absence at the revocation hearing, Sullivan said, "I was here, but I just walked out, man. I mean, I know I shouldn't have, but -- . . . I didn't have no right walking out of this courtroom. But, I mean, I shouldn't be leaving like that, you know. I mean, I knew I was going to get locked up. At the time I just couldn't, you know."

The trial judge could properly consider that Sullivan absconded to avoid trial in both jurisdictions. Indeed, Sullivan left the courthouse just before the prosecutor was to present evidence that likely would have caused the judge to revoke his pretrial bail. The trial judge noted that the record provided no basis upon which to conclude Sullivan would return for trial. Aside from the theory advanced by Sullivan's attorney, the trial judge had no information concerning Sullivan's whereabouts or a definitive reason for his absence. We held in Cruz that this type of uncertainty was sufficient to support the judge's ruling.

> The record in this case is totally devoid of any assurance, or even hint, that the defendant would be available in the future. As far as the trial court was aware, the defendant could have fled the jurisdiction or the country for parts unknown, never to be heard from again. Under such circumstances, we find no abuse of discretion in proceeding with the trial in the defendant's absence.

Id. at 466, 482 S.E.2d at 886.

Recognizing that the trial had already been postponed twice before and that Sullivan was intentionally absent from his bail revocation hearing and trial, we hold that the trial judge did not abuse his discretion in finding a continuance would be prejudicial. Therefore, we affirm the conviction for conspiracy to commit grand larceny.

Affirmed.