# CIRCUIT COURT OF PAGE COUNTY

Commonwealth of Virginia

v.

Teddy Ray Hensh

March 12, 2009

Case Nos. CRO8F00251, CR08F00252, CRO8F00253

BY JUDGE JAMES V. LANE

This matter is before the Court on a Motion for New Trial filed by Defendant on November 14, 2008, upon Commonwealth's Response to Defendant's Motion for New Trial, filed on December 23, 2008, and upon Defendant's Motion in Response to Commonwealth's Reply to Defendant's Motion for New Trial, filed on January 8, 2009. The Court heard oral argument on the Motion on February 24, 2009, and took the matter under advisement.

The Defendant was convicted on August 25, 2008, of three counts of aggravated sexual battery after the matter was tried as a bench trial. The trial included closed-circuit testimony of the complaining victim in the case, who is a minor. The necessity for the victim's testimony to be delivered via closed-circuit video was argued and decided by the Court at a hearing on the Commonwealth's motion on August 6, 2008. The Commonwealth presented evidence in the form of testimony by Judith Weaver, a licensed professional counselor, that closed-circuit testimony was in the best interest of the victim. Neither Defendant nor his attorney was present at the hearing.

Defendant bases his Motion for New Trial on several grounds, but the Court will focus on the issue of Defendant's right to be present at all phases of his trial, as the Court feels this issue is dispositive of the matter. This right is

grounded in the Confrontation Clause of the Sixth Amendment and Virginia Statute § 19.2-259, which states "[a] person tried for a felony shall be personally present during the trial."

The statutory phrase "during the trial" has been defined as every stage of the trial, from the accused's arraignment to his sentence, when anything is to be done which can affect his interest. *Bilokur v. Commonwealth*, 221 Va. 467, 270 S.E.2d 747 (1980); *Jones v. Commonwealth*, 227 Va. 425, 317 S.E.2d 482 (1984). The timing of the accused's arraignment is not set by statute in Virginia and is usually done immediately prior to the trial. The Court does not read the statute as allowing for the exclusion of the Defendant from any part of his trial up until the very moment that the trial itself begins. The Defendant was indicted by the Page County Grand Jury on June 23, 2008, and the Court set a bench trial date on July 2, 2008; therefore, the Court finds that Defendant was entitled to be present at any pretrial events that could affect his interest taking place after July 2, 2008, at the latest. The hearing on August 6, 2008, was on a motion to allow closed-circuit testimony. Since this matter concerns Defendant's right of confrontation and since the Commonwealth's witness testified and was subject to cross-examination, the Court considers the August 6, 2008, hearing to be a pretrial matter affecting the Defendant's interest, and he should have been present.

Defendant may, however, waive his right to be present at the beginning of his trial after presence at arraignment just as he may waive his right to be present at any later stage. As stated above, the Court believes that this time period must begin at some point prior to the usual and customary time of arraignment in Virginia, which is immediately before the trial begins. Defendant's voluntary absence alone does not constitute a knowing and intelligent waiver of his right to be present at trial; the "voluntariness" of such waiver is a fact specific question. *Cruz v. Commonwealth*, 24 Va. App. 454, 482 S.E.2d 880 (1997). By the means of a Stipulation filed with the Court on January 21, 2009, the Commonwealth admits that no formal process to appear at the August 6, 2008, hearing was served on Defendant aside from a copy of the motion being sent to his counsel. Whatever additional telephone conversations may have taken place or messages may have been delivered to Defendant's counsel, the Court does not believe Defendant had sufficient notice to effect a voluntary waiver of his right to be present at the hearing. Though alternate counsel was able to step in and represent Defendant at the hearing, the Court does not consider this a cure for the absence of Defendant himself without voluntary waiver of that right.

Notice of the hearing on August 6, 2008, was absent or defective, and Defendant was unable to effectuate a voluntary waiver of his right to be present at this pretrial matter, which could affect his interests at trial, and the

Motion for New Trial is, therefore, granted. Defendant raises several other matters as a basis for allowing a new trial; the Court does not address these as the above issue is dispositive on the Motion.